

FILED
May 20, 2025
11:31 AM(CT)
TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Sabrina Rooks | ) | Docket No.     2024-60-5751 |
| | ) | |
| v. | ) | State File No.   38259-2024 |
| | ) | |
| Amazon.com, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Kenneth M. Switzer, Chief Judge | ) | |

## Affirmed and Remanded

In this interlocutory appeal, the employee contends she injured her right knee and both ankles when she fell off a motorized scooter while at work. The employer initially authorized certain medical treatment, but it later declined to approve the authorized treating physician's referral to an orthopedic specialist or provide a panel of orthopedic physicians, repeatedly insisting that the employee must attend an examination with a physician of the employer's choice first. The employee refused, and the employer filed a motion to compel the examination. Following a hearing, the court granted the motion but ordered the employer to honor the orthopedic referral made by the authorized physician before the employer's examination could proceed. The employer has appealed. Upon careful review of the record and consideration of the pertinent statutory language, we affirm the trial court's order and remand the case.

Judge Pele I. Godkin delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge Meredith B. Weaver joined.

Kristen C. Stevenson, Knoxville, Tennessee, for the employer-appellant, Amazon.com

David B. Weatherman, Franklin, Tennessee for the employee-appellee, Sabrina Rooks

## Factual and Procedural History

On May 29, 2024, Sabrina Rooks ("Employee") was working for Amazon.com ("Employer") when she fell from a knee scooter and reported sustaining several injuries. Employee was using a scooter due to a non-work-related injury and asserted she "was walking in the Amazon warehouse when debris caused my knee scooter to slip out from

under me. I fell and felt immediate severe pain in [my] foot, ankle, and knee."[1] Employee reported the incident to Employer and testified that she was advised to go to the emergency room because AmCare, Employer's on-site medical facility, was closed.[2]

Thereafter, Employee was seen at AmCare and provided Employer with paperwork from her emergency room visit. At that time, Employee was offered a panel of physicians, although she did not immediately select a provider from the panel because she wanted to continue treating with Dr. Christopher Jones, the doctor who was treating her non-work-related injury. Employee also claimed that she did not understand the panel process and that certain adjusters allegedly told her she could seek treatment with Dr. Jones. When Employee saw Dr. Jones the following month, however, Employee was informed that he "couldn't do anything[] when he found out it was workers' comp." Employer, for its part, argued that Employee refused to be treated by a panel physician for "approximately five weeks" and that her visit with Dr. Jones in June was unauthorized.

Employee selected Concentra and Dr. Frank Thomas from an Employer-provided panel in June. She was first seen by Dr. Thomas on July 3, 2024, who diagnosed a right distal fracture of the fibula. In medical documentation Employee provided to Employer, Dr. Thomas marked that Employee's injury was "work-related." At that time, Dr. Thomas also assigned work restrictions and referred Employee to Dr. Jones, the orthopedic surgeon Employee had already been seeing, for additional treatment. Instead of authorizing this direct referral or providing a panel of alternative specialists, however, Employer proceeded to schedule an employer's examination with Dr. Jeffrey Hazlewood, which Employee declined to attend. Dr. Thomas made additional referrals to Dr. Jones on August 5, 8, 19, and 21. Employer did not approve the referrals and eventually suspended Employee's benefits due to "medical noncompliance as she would not attend the [employer's examination]."

Employee filed a PBD on August 28, 2024, stating that

My [authorized treating physician] Dr. Frank Thomas referred me to Ortho Dr. Christopher Jones, but Employer will not schedule an appointment with him, nor have I been provided a panel of Orthos. I was let go from my job on August 22, 2024, and am totally disabled from working, but I have not been paid any TTD.

---

[1] There is conflicting information in the record as to where Employee's fall occurred. In her petition for benefit determination ("PBD"), Employee stated she was "[w]alking out to her car" and that her fall was caused by debris; however, in her Rule 72 Declaration, Employee stated she was "walking in the Amazon warehouse" when the incident occurred. In her deposition, Employee testified that she was "walking through an area" when she fell. The trial court's order references a fall in the parking lot.

[2] No medical records of an emergency room visit are included in the record.

2

In her petition, Employee alleged injuries to her right knee, right ankle, and left knee. In December, in conjunction with her request for an expedited hearing, Employee attached a Rule 72 declaration and Employer's "Healthcare Provider Request for Information Form," which was signed by Dr. Thomas. In her declaration, Employee stated that no appointment was scheduled with Dr. Jones despite several referrals. Moreover, on August 15, Employer asked her to submit to an employer's examination with Dr. Hazlewood.

In January 2025, a dispute certification notice ("DCN") was issued that identified compensability, medical benefits, and temporary disability benefits as disputed issues. Employer also raised additional defenses on the DCN, asserting that some or all of Employee's claimed injuries are "related to a pre-existing condition and/or subsequent intervening event and not an accidental injury arising primarily out of employment" and are "idiopathic and not related to a hazard incident to employment." On February 12, Employer notified Employee it had scheduled an appointment with Dr. Hazlewood in March, but Employee indicated she would not attend that appointment until Employer authorized an appointment with Dr. Jones. On February 14, Employer filed a motion to compel Employee's examination by Dr. Hazlewood. In her response to the motion, Employee requested that the court order Employer to provide treatment with Dr. Jones as outlined in her request for an expedited hearing.

The court addressed the motion to compel at the March 3, 2025 expedited hearing. The court focused on sworn statements and testimony offered by Employee in support of her position that Dr. Thomas was selected from an Employer-provided panel and that Dr. Thomas initiated a direct referral to Dr. Jones. Moreover, the court emphasized that Employer had offered the adjuster's "unsworn and unauthenticated emails dated several weeks later" in support of its argument that Employee had refused panels of physicians, a position the court ultimately concluded was not supported by the evidence. In finding that Employer's refusal to honor the direct referral or otherwise offer a panel of specialists was unreasonable, the court stressed that the emails Employer offered into evidence were circulated three weeks after Employee saw Dr. Thomas, the authorized doctor, who made the direct referral to Dr. Jones. Thereafter, the court noted that Dr. Thomas made four additional referrals, none of which were honored.[3]

Employer argued that it refused to authorize the direct referral to Dr. Jones because Employee was medically non-compliant, asserting that Employee initially refused to select a doctor from a panel. In its order, the court noted that Employee had testified she did not understand the panel requirement and eventually "changed course on July 3." It determined she was compliant from that date forward and, although she initially refused Employer's request for an employer examination in July, Employer "did not renew its request on this record until February – seven months after the specialist referral." The court considered the delay "troubling" and pointed to mandatory language in Tennessee

---

[3] The court determined that Employee's visits to the emergency room and her visit to Dr. Jones in June were also authorized because each visit was approved by her adjuster or a representative of Employer.

3

Code Annotated section 50-6-204(a)(3)(A)(ii), which states that, in circumstances where an authorized physician refers the employee to a specific physician, "[t]he employer shall be deemed to have accepted the referral" unless the employer provides a panel of alternate specialists within three business days.

Ultimately, the court determined that Employer had offered nothing to justify its refusal either to schedule an appointment with Dr. Jones or to offer a panel of specialists despite five separate referrals from Dr. Thomas. The court stressed that an authorized treating physician's referral is not conditioned on whether an employee agrees to undergo an employer's examination. As a result, the court ordered Employer to honor the referral and also ordered Employee to attend an employer's examination "after the statutorily mandated appointment with Dr. Jones."[4] Employer has appealed.

**Standard of Review**

The standard we apply in reviewing the trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise. *See* Tenn. Code Ann. § 50-6-239(c)(7) (2024). When the trial judge has had the opportunity to observe a witness's demeanor and to hear in-court testimony, we give considerable deference to factual findings made by the trial court. *Madden v. Holland Grp. of Tenn., Inc.*, 277 S.W.3d 896, 898 (Tenn. 2009). However, "[n]o similar deference need be afforded the trial court's findings based upon documentary evidence." *Goodman v. Schwarz Paper Co.*, No. W2016-02594-SC-R3-WC, 2018 Tenn. LEXIS 8, at *6 (Tenn. Workers' Comp. Panel Jan. 18, 2018). Moreover, the interpretation and application of statutes and regulations are questions of law that are reviewed de novo with no presumption of correctness afforded the trial court's conclusions. *See Batey v. Deliver This, Inc.*, 568 S.W.3d 91, 95-96 (Tenn. 2019). We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2024).

**Analysis**

On appeal, Employer asserts "the trial court erred and abused its discretion by placing a limitation on Employer's statutory right to an IME and finding that Employer's entitlement to an IME was subject to Amazon's first honoring a referral to orthopedist Christopher Jones before the IME could proceed." Specifically, Employer argues that the court improperly applied Tennessee Code Annotated section 50-6-204 and failed to give "proper weight" to the statutory language that an employee "must submit to examination

---

[4] Although not relevant to the appeal in this case, the trial court also referred Employer to the Compliance Program for investigation pursuant to Tennessee Code Annotated section 50-6-118(a)(8) for Employer's failure to timely provide reasonable and necessary medical treatment recommended by the authorized treating physician.

by the employer's physician at all reasonable times." Tenn. Code Ann. § 50-6-204(d)(1) (2024). Conversely, Employee asserts the court did not err and properly ordered Employer to comply with the referral of the authorized treating physician from July 2024 before she would be required to attend the employer examination with Dr. Hazlewood.

In general, we agree with Employer's assertion that an injured worker must attend an employer's examination "at all reasonable times" during the course of a claim. Tenn. Code Ann. § 50-6-204(d)(1). In the present case, however, Employer's right to obtain an employer's examination is not disputed. In fact, the court *granted* Employer's motion to compel Employee to attend an examination with Dr. Hazlewood and noted that, pursuant to section 50-6-204(d)(1), an "injured employee *must* submit to examination by the employer's physician at all reasonable times if requested to do so by the employer." (Emphasis added.) The court, citing our previous decision in *King v. Big Binder Express, LLC*, No. 2016-07-0378, 2016 TN Wrk. Comp. App. Bd. LEXIS 92, at *9 (Tenn. Workers' Comp. App. Bd. Dec. 7, 2016), also stressed, however, that "an employer's right to an examination of an employee pursuant to section 50-6-204(d)(1) by a physician of the employer's choosing is not without limits. Both by statute and case law, the employer's request must be reasonable." As the trial court noted, the employer's request must be made at a "reasonable time" and "be reasonable, *as a whole*, in light of the surrounding circumstances." Citing *id.* at *10-11 (emphasis in original). Furthermore, as we have stated numerous times, "a trial court has the necessary discretion to control the pace of litigation through the use of case supervision and docket management." *Valladares v. Transco Products, Inc.*, Nos. 2015-01-0117 & -0118, 2016 TN Wrk. Comp. App. Bd. LEXIS 31, at *26 (Tenn. Workers' Comp. App. Bd. July 27, 2016).

In the case at hand, it is undisputed that during Employee's first visit with her panel-selected, authorized treating physician on July 3, 2024, Dr. Thomas made a direct referral to Dr. Jones, an orthopedic surgeon. Pursuant to Tennessee Code Annotated section 50-6-204(a)(3)(A)(ii), Employer had three business days after receiving that referral to either authorize the referral or offer a panel of alternative specialists. It did neither. Instead, Employer attempted to schedule an employer's examination with Dr. Hazlewood, which Employee declined to attend. Subsequently, the following month, Dr. Thomas made four additional referrals, but it was not until February 2025, seven months after the original referral, that Employer filed its motion to compel Employee's attendance at the appointment with Dr. Hazlewood. In short, the trial court determined that both parties bear certain obligations and that Employer must comply with its statutorily-mandated obligation to authorize a referral for treatment *before* Employee will be compelled to appear for its employer's examination. Under the circumstances of this case, we agree.

## Conclusion

For the foregoing reasons, the trial court's order is affirmed in its entirety, and the case is remanded. Costs on appeal are taxed to Employer.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Sabrina Rooks | ) | Docket No. 2024-60-5751 |
| | ) | |
| v. | ) | State File No. 38259-2024 |
| | ) | |
| Amazon.com, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Kenneth M. Switzer, Chief Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 20th day of May, 2025.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Kristen C. Stevenson | | | | X | kcstevenson@mijs.com kpkudialis@mijs.com |
| David Weatherman | | | | X | david@theweathermanfirm.com |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |



Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov